# EXHIBIT A

| | |
|---|---|
| JEFFREY PRICE, | ] |
| Plaintiff, | ] |
| v. | ] CASE NO.: 23719 |
| COREY PEARSON, TFI INTERNATIONAL, INC., and TFORCE FREIGHT, INC., | ] |
| Defendants. | ] |

## COMPLAINT

COMES NOW, Plaintiff Jeffrey Price ("Mr. Price") (collectively "Plaintiff") by and through undersigned counsel, and files this Complaint against Defendants Corey Pearson ("Mr. Pearson"), TFI International, Inc. ("TFI"), TForce Freight, Inc, ("TForce") (collectively the "Defendants"), for personal injuries and resulting damages arising out of an automobile accident. In support thereof, the Plaintiff states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Mr. Price is a citizen and resident of Christian County, Missouri.

2. Plaintiff is informed and believes and thereon alleges that Defendant Corey Pearson is a natural person who, at all times relevant to this Complaint, was an employee and/or agent of Defendant TFI and/or Defendant TForce and was operating a motor vehicle within the course and scope of his employment with Defendant TFI and/or Defendant TForce. Upon information and belief, Defendant Pearson is a resident of a state within the

United States; however, his specific residence address is presently unknown despite reasonable inquiry.

3. Plaintiff is informed and believes and thereon alleges that Defendant TFI International, Inc. is a foreign corporation with a principal place of business located at 8801 Trans-Canada Highway, Ste. 500, Saint-Laurent, QC H4S 1Z6. Defendant TFI's registered agent for service of process is Shabaz Nizami located at 14881 Quorum Drive Dallas, Texas 75254.

4. Plaintiff is informed and believes and thereon alleges that Defendant TForce Freight, Inc. is a foreign corporation with a principal place of business located at 9954 Mayland Dr Ste. 3000 Henrico, VA 23233. Defendant TForce's registered agent for service of process is Corporation Service Company who may be served at 2908 Poston Ave Nashville, TN 37203-1312.

5. Jurisdiction is proper in Marion County Circuit Court pursuant to T.C.A. § 16-10-101 because the automobile accident and unlawful acts alleged herein were committed by the Defendants within this jurisdiction and the amount in controversy exceeds $25,000.00.

6. Venue is proper in Marion County, Tennessee, pursuant to T.C.A. § 20-4-101 as the automobile accident occurred there.

### **FACTUAL ALLEGATIONS**

7. On or about March 13, 2025, Plaintiff was operating a typical semi-truck tractor with a fully loaded tanker trailer in Jasper, Marion County, Tennessee.

8. In the late evening hours, Plaintiff pulled into the Love's Truck Stop located at 260 TVA Road, Jasper, Tennessee 37347, for the purpose of taking a required sleep break.

9. Plaintiff parked his truck in the parking area of the Love's Truck Stop with the truck in park and the engine turned off and there was ample room for other vehicles to safely drive around his parked truck.

10. After securing his vehicle, Plaintiff went to sleep in the sleeper berth located directly behind the driver's seat in the cab of his truck.

11. At that same time, Defendant Pearson was operating a commercial truck consisting of a day-cab tractor and box-style trailer in the parking lot of the Love's Truck Stop.

12. On information and belief, the truck operated by Defendant Pearson was owned, leased, or otherwise controlled by Defendant TFI and/or Defendant TForce and/or related entities.

13. Defendant TFI and/or Defendant TForce are, upon information and belief, motor carrier companies.

14. While Plaintiff's truck was stationary, in park, and turned off in the Love's Truck Stop parking area, Defendant Pearson negligently operated his commercial vehicle so that it failed to avoid Plaintiff's parked truck and violently rear-ended the back of Plaintiff's tanker trailer.

15. The impact from Defendant Pearson's truck striking the rear of Plaintiff's parked truck caused a sudden and forceful jolt that threw Plaintiff from his sleeper berth to the floor of the cab, where he landed on his left side.

16. Plaintiff immediately experienced sharp pain in his neck, left shoulder, and back as he lay on the floor of the cab following the collision.

17. As a direct and proximate result of the collision, Plaintiff has suffered injuries to his neck, low back, and both shoulders, all of which has caused and continues to cause substantial loss of earning capacity and loss of enjoyment of life.

## COUNT I: NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT PEARSON

18. Plaintiff hereby restates and avers the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

19. Defendant Pearson owed a duty to the Plaintiff to operate truck with reasonable care, to maintain proper control of his vehicle, and to comply with applicable laws and regulations, including but not limited to:

    a. T.C.A. § 55-8-123 (duty to maintain control of vehicle);

    b. T.C.A. § 55-8-136 (duty to exercise due care); and

    c. 49 C.F.R. § (duty to exercise extreme caution).

20. Defendant Mr. Pearson breached these duties in the following specific ways:

    a. Failed to ensure adequate clearance while maneuvering and parking his commercial vehicle;

    b. Failed to operate his vehicle at a safe speed and with proper control while maneuvering in a confined parking area;

    c. Failed to maintain a safe following distance from Plaintiff's vehicle, in violation of T.C.A. § 55-8-124, constituting negligence per se;

    d. Failed to maintain a proper lookout;

e. Failed to maintain proper control of his vehicle, in violation of T.C.A. § 55-8-123, constituting negligence per se;

   f. Operated his vehicle without adequate situational awareness;

   g. Failed to exercise extreme caution as required by 49 C.F.R. § 392.14.

21. As a direct and proximate result of Defendant Mr. Pearson's negligence and negligence per se, the Plaintiff suffered severe and lasting injuries, physical pain, emotional distress, permanent impairment, and significant property damage.

## COUNT II: NEGLIGENCE OF DEFENDANTS TFI AND TFORCE

22. Plaintiff hereby restates and avers the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

23. Defendants TFI and TForce owed a duty to ensure its drivers, including Mr. Pearson, were trained, qualified, and supervised in accordance with all applicable laws and regulations, including the FMCSRs.

24. TFI and/or TForce breached this duty in the following specific ways:

   a. Failed to properly train Mr. Pearson on defensive and safe driving;

   b. Failed to verify that Mr. Pearson was fit to operate a commercial vehicle under FMCSR § 391.11;

   c. Failed to comply with FMCSR § 391.25 (annual review of driving records) and § 392.3 (fitness of driver);

   d. Failed to implement or enforce adequate safety policies designed to prevent collisions;

e. Negligently entrusted a commercial vehicle to Mr. Pearson despite actual or constructive knowledge of his incompetence or lack of qualification; and

f. Failed to properly supervise Defendant Pearson's conduct and adherence to safety standards.

25. As a direct and proximate result of TFI's and TForce's corporate and operational negligence, Mr. Pearson was unfit and unprepared to safely operate the vehicle involved in the collision, resulting in the injuries and losses suffered by the Plaintiff.

### COUNT III: VICARIOUS LIABILITY/*RESPONDEAT SUPERIOR* OF DEFENDANTS TFI AND TFORCE

26. Plaintiff hereby restates and avers the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

27. At all times relevant, Defendant Mr. Pearson was acting within the course and scope of his respective employment, agency, or contractual relationships with Defendants TFI and/or TForce.

28. The actions and omissions described in Count I was committed in furtherance of the companies' business interests, specifically, the transport of goods, and under their control, direction, and authority.

29. Pursuant to the doctrine of respondeat superior, Defendants TFI and/or TForce are vicariously liable for the negligent acts and omissions of their agents, employees, and/or contractors occurring within the scope of their employment.

30. As a direct and proximate result of the tortious conduct of Mr. Pearson, while under the authority and control of Defendants TFI and/or TForce, the Plaintiff sustained significant injuries, property damage, and other compensable losses.

# DEMAND FOR JUDGMENT

**WHEREFORE**, the Plaintiff pray for the following relief:

1. For process to issue and be served upon Defendants, requiring Defendants to answer the foregoing allegations;

2. For judgment against Defendants for compensatory damages in the amount of $750,000.00;

3. For pre-judgment and post-judgment interest at the statutory rate until the judgment is satisfied, pursuant to T.C.A. § 47-14-123;

4. For costs of this action to be taxed to the Defendants;

5. For any other general relief to which the Plaintiff may be entitled under the law and evidence and that this Court shall deem reasonable, just, and necessary.

Respectfully Submitted,

M | J Law

By: /s/Jacob M. Jones
Jacob M. Jones, BPR No. 041667
Jordan M. Meeks, BPR No. 042609
M | J Law
501 Union Street, Ste. 415
Nashville, Tennessee 37219
(615) 285-9594
Jacob.Jones@MJLawNashville.com
Jordan.Meeks@MJLawNashville.com
Heleen.Galnasky@MJLawNashville.com
Luis.Galindo@MJLawNashville.com

*Attorneys for Plaintiff Jeffrey Price*